Good morning, Your Honors, and may it please the Court. Holt Ortiz Alden on behalf of Mr. Stephen Reid. I would like to reserve two minutes, and I will watch my time. To pick up where Mr. Henderson left off, Mr. Reid's prior convictions under California law are not career offender predicates for the same reasons, because California's definition of methamphetamine analogs is overbroad. I'm happy to answer any of the Court's questions as to all six of these disputed issues, but I'd like to start with divisibility. Judge Sung, I agree exactly with your interpretation of Davis. And Judge Bennett, I think that Mathis and Becker combined actually resolved this question very succinctly. Mathis says that if something, a fact, that can be proven is not a part of the charging document and need not be charged, then that is a means, not an element. Becker says that state prosecutors do not have to charge an analog theory for a controlled substance offense. And I think that, in and of itself, resolves the question. I would also note that— But there could be a difference between whether they have to prove an analog theory or whether they have to prove the particular substance, ecstasy, as opposed to either ecstasy or methamphetamine. I take Your Honor's question to mean, can the state prosecutor proceed only on the analog theory? No. I'm asking whether the state prosecutor could proceed on this theory by alleging this is either ecstasy or methamphetamine and you don't have to decide which. Yes. And I think that's exactly what happened in Becker's case. Is that what Becker says? It says you don't have to prove it's an analog, but doesn't say you don't have to prove it's ecstasy. I mean, in Davis, the Supreme Court said that in Becker, the Court of Appeals held that the jury could have reasonably concluded that MDMA, which is what they were charged with having, either contained meth or was an analog of that drug. So it seems to me that the California Supreme Court is saying when you have a non-listed substance, the prosecution can argue, try to prove to the jury either that it is actually the listed substance or an analog of it, and a jury does not have to agree on which one. Yes. Okay. I think that's exactly right. I would add two things. First, the name of the substance, whether, for example, it's ecstasy or MDMA in the charging document, or some other analog, doesn't matter. It doesn't have legal meaning under the statute. And so when a state prosecutor is presenting evidence as to whether this unlisted substance either is a controlled substance or an analog, they don't actually have to present evidence about the chemical structure or the name of the substance. They could call it whatever they want. And second, the reason we know that is because exactly what Judge Slung said about Davis, and also because the jury instructions require listing the name of the listed substance that either the charged substance is or is an analog of. And so I read the jury instructions exactly the opposite as to the government. I think that CalCRM 2302, as part of element number 5, requires identifying a listed substance. And so when it says in 5A, the controlled substance was, in Becker, that would have been methamphetamine. In 5B, the controlled substance was an analog of, again, methamphetamine would have been listed. So there must be a listed substance that is tied in. And so do you agree that if we were to decide that the modified categorical approach were applicable, and I understand your argument that it isn't, that the Shepard documents here are sufficient? As to Mr. Reed's case, the Shepard documents identify methamphetamine. And so I would argue because the modified categorical approach doesn't apply, that doesn't mean anything because we don't know what the legal consequences of that would be. I understand your argument that the modified categorical approach doesn't apply. But what you're also saying is that if it's indivisible, then specifying it as methamphetamine doesn't mean that it's not an analog. Exactly. I can also turn to the federal analog definition, 802.32. So then it wouldn't be adequate? I'm sorry? So then in that sense, the document would not be adequate to demonstrate whether he was convicted of methamphetamine or an analog? Yes, Your Honor. I think that that question goes to divisibility. No, but the way you're now saying it, it would also go to whether the modified categorical approach was met if it applied, because the document would not tell you whether it was methamphetamine or an analog of methamphetamine. Yes. My understanding of that is that that is the same issue as whether they are separate elements or separate means. If we agree with you that it's divisible, then the charging document by definition doesn't prove whether it's the actual drug or an analog of it. But if we agree, but if we disagreed with you and said that it is divisible under California law, then the charging document would have to specify one or the other. So your argument rises and falls with the divisibility legal theory, because if we get to the charging document, then we've already agreed that it is divisible, in which case it would be dispositive. Exactly. I agree exactly. I'm not sure that's right, but go ahead. Well, Your Honor, I think my understanding is the same as Judge Sung's, because the charge, we are assuming that the charging document is required to establish an element. And that's the same thing that Becker addressed with respect to MDMA. And Becker said that whether the substance is an analog does not have to be charged. And I would relate that back to a case like Alfred v. Garland, in which this court said that, for example, accomplice liability never needs to be charged in a charging document because it's subsumed within the substantive offense. Right, because in Becker, the argument was that they didn't have notice of whether the government was charging them with actual possession of actual meth or an analog of meth. And the California Court of Appeals said it doesn't matter, because as long as you were in notice that the government's theory was that ecstasy equals meth or an analog of it, and the jury didn't have to decide whether it was meth or an analog, it was good enough. That's my understanding. Yes. Okay. That's exactly right. And the government has conceded that reading of Becker. At page 47 of their answering brief, they said that the jury need not agree in Becker as to whether it was an analog or it was methamphetamine itself. And I think that resolves the divisibility question. Turning back to the federal analog definition, 802.32a, I agree with what Mr. Henderson said about the statute. And I think what's also important is to note the content of each of the subsections. And so looking at subsection 2 and subsection 3, they're both addressing pharmacological effect. And I think that is important in recognizing that not only are subsection 2 and subsection 3 written in parallel, both beginning with the word which, but they also address the same content. And the government's argument, in the briefs at least, fixated on the word or, but that or only connects subsection 2 and subsection 3. And it's not at all clear in the way that the statute is written and how other subsections are written in 802 that that or would also apply to subsection 1. And as Judge Berzon noted, the Hodge case does a wonderful job just laying out both the textual arguments as well as the purpose and legislative history, none of which presents any evidence that Congress was trying to cover things like candle wax and flour. Well, legislative history is a little mystifying because apparently this was written originally much more coherently. And at some point, they added the third category and didn't revise the punctuation and so on. And so it ended up somewhat incoherent. Right. And I think that Hodge explains that the Senate version and the House version, neither of those would have covered something like wax and flour. And the final version seems to have been the two sort of pushed together without being really clear as to punctuation what that meant. But again, the Third Circuit noted that neither the Senate version nor the House version was disjunctive in the sense that the government is reading the statute now. Counsel, I'll ask Judge Bennett to give you an extra minute, but I wanted to give you a chance to address the obstruction of justice issue. What is your best argument that if we agreed with you that the hearsay was not sufficiently reliable, that there isn't enough evidence to reach, to apply the enhancement? So I have two points, Your Honor. Thank you. The first is the district court never made a finding as to Mr. Reed's intent. And so I think under this court's case law, the court could remand on that issue for the district court. You didn't really press that specific version of your argument, though. No. I also think, number two, that the evidence was insufficient because, again, the standard is in purpose. So Mr. Reed had to have intended to obstruct justice and here threaten the confidential informant. There is no evidence that Mr. Reed asked anyone to approach or speak with the informant. There is no evidence connecting him to this banner that was put up months after the original statements in October. What about the snitch day banner? That was, Your Honor. And not only is there no evidence connecting him to that banner, which was put up months later, it was actually, it didn't, let me back that up. There isn't any evidence connecting him to that. The information that he did pass was things like, I think that this person is this age and may have worked at this place previously. There is certainly, the defense argued below that that was about warning his friends in the community not to sell or conduct transactions with the informant. And because we're talking about obstruction of justice with a specific mens rea, none of those facts are sufficient to, for the government to establish his intent by a preponderance of the evidence. All right. We'll give you two minutes for rebuttal. Thank you. Good morning again, and may it please the court, Rajesh Srinivasan for the United States. Judge Sung, I want to start with Becker. And I think what the government, what we did not concede in Becker that there are two alternative means. What we were saying is that the charging documents in California require identification of a  In that case, the prosecutor decided to identify the substance as ecstasy. They could have also identified it as methamphetamine or a methamphetamine analog. And then all the Becker court needed to decide was a sufficiency issue and a due process issue. And of course, it's sufficient for due process to know that the drug you're charged with is ecstasy because then you can do all the research you want about whether it meets the definition of a controlled substance under California law. It does not mean, however, that those two things are different means. And it might be true that you could have a case where a defendant was charged with some drug under California law, and it's unclear from the record whether the proof was of a controlled substance or a controlled substance analog. And in that case, this court's exception, as explained in Gamboa, Rodriguez-Gamboa, to the categorical approach would apply. And what Rodriguez-Gamboa said is even if something is a categorical match, if you can show that in your case there was a deviation from the generic definition, you can escape from the categorical approach. But how do you deal with it? I mean, the court of appeals literally said the jury could decide either that ecstasy is either methamphetamine or an analog of it. And the California Supreme Court expressly approved that when the prosecution chooses a substance, charges them with possession of a substance that isn't listed, then the government does have to prove that it is either the controlled substance or an analog of it. But the jury does not have to agree on which one. I mean, that to me seems the definition of alternate means of proving the element. So it's, there's, yes, I understand there could be a different case in which the prosecution says what we have is clearly meth, and all I have to do is prove that it is meth. But when they have instead chosen, which seems perfectly okay in California to say, I'm going to choose to charge them with possessing this other thing, ecstasy, they do have to prove that it meets one of the, it is one of the controlled substances or an analog of it, and the jury does not have to decide which one. I mean, I don't know how else to read Becker and Davis other than saying these are alternate means of proving the element required under these crimes. I'll propose one reading that resolves these concerns. And that is, imagine a case, this is an absurd case, but imagine a case where a defendant is charged with a substance and it's unclear whether it's cocaine or methamphetamine. Those two things under Section 11378 are certainly alternate elements. That's what this Court has held. But proof of either would be sufficient to uphold a conviction under 11378. But the jury would have to agree on which one. That's correct. But in, in, in, under your theory, Becker should have come out the other way, because with Becker, then the, the jury should have had to agree and specifically find, is ecstasy actually meth, or is ecstasy an analog of meth? And we should throw out that conviction because the jury didn't agree on which one it was. I read, I read Becker as saying that under either theory, there was sufficient evidence, and therefore we can uphold a conviction. So where in Becker does it say that the jury actually had to find, make a finding for a conviction that ecstasy is meth or an analog, and there had to be unanimity on that issue? I don't, I don't think that was an issue in Becker, so I, I agree it does not say that. Any case, then? I, there isn't an explicit case that says that resolves the issue. If they're, if they're, if the government's theory, if they're charging you with possessing an unlisted drug, which clearly can happen because we have all these ecstasy cases, right, where ecstasy or MDMA is not one of the listed controlled substances, and the government is sometimes putting up an expert and saying, I think ecstasy is essentially a methamphetamine or an analog of it. Sometimes they're saying it is meth. Sometimes they're saying it's an analog or one or the other, but there's, there's clearly, you know, and then we have a case, we have Davis where the Supreme Court says, government messed up. They didn't put on an expert to show what ecstasy is. Conviction vacated, right, there for insufficient evidence. So clearly it is possible to charge someone with a substance that is not listed. In those cases, the government has to prove it falls in one of the categories, and the court saying you can choose, you can prove it is the same thing, or you can prove it's an analog of the same thing. Is there any case where it says, because you didn't pick one, you didn't pick, it is equal actually the thing or an analog, you didn't prove an element of the crime? I'm not aware of a case, but I think you need to, for this court to resolve this issue, it's important to look at the jury instruction, which the Supreme Court has instructed courts to do in cases of ambiguity, and the jury instruction 2302 does require identification of something as a controlled substance or an analog, and it's important to look at the jury. Your opponent thinks otherwise. You raise the jury instruction as allowing the analog status to be alleged at both levels. That's not the best reading of the jury instruction, because if that were the case, then there would be no need in the jury instruction to identify whether something was an analog or a controlled substance. It could be a combined element where it's, you can prove it by either means. The fact that. Well, in any event, it's not particularly clear. I think it's clear that the prosecution must identify which they're going with, an analog or a controlled substance, and if that were not the case, then there would be no need to put that language in the jury instruction. The charging documents also give some view into this. Your argument is that California prosecutors, state prosecutors now, every time they charge one of these cases, there's a new drug. They're not sure. They have to say in the charging document and in the jury instructions, our expert proved that it is actually the same thing as, let's say, methamphetamine, or they have to prove it's an analog, and if they don't get agreement on one or the other, they will lose. I think that's correct, and you could do that with a special verdict for them. They will no longer have the option to just put an expert up that says it could be the same thing. It could be an analog of it. It doesn't matter as long as it's one or the other. They don't have that option anymore. That's the way we read the statute. I do want to briefly address, unless the court has other questions about this, the obstruction of justice finding. This court reviews that for clear error, and Judge Sung, as your question pointed out, there is plenty of evidence aside from the brother's statement showing that Mr. Reed obstructed justice. PSR page 253 shares a lot of this information. He shared information via email about the confidential informant and their name, what they looked like, where they worked in Ventura, and then subsequently, as Judge Bennett mentioned, there was a happy snitch day sign. So is there any evidence connecting the defendant to that sign? Only the inference that the defendant shared the place of work. It would be the effect of it, right? I mean, if someone got that information, and they decided on their own to hang the banner, and you don't have anything saying he directed someone to do it, you don't have any evidence that the people who did it are close associates of him, anything like that? Not that I'm aware of, but that's not required. When we're looking at 253 of the PSR, it said he shared information via email about the CI, including his name, what he looks like, where he works to multiple people, and he told someone to tell everyone they knew about the CI, and at the same time as the messages, he, the CI, they were harassed. And I believe all those facts, Judge Bennett, show that the obstruction of justice... And that's aside from the brother. That's aside from the brother. That's even aside from the sign, and I think that's sufficient to uphold the disreport's finding. But there was no finding by the disreport of him, Chan, does that matter? I believe there was a finding that the obstruction of justice enhancement applied. Right, there was no finding of willfulness or intent to obstruct justice. The district court is presumed to understand the guidelines, and that there's nothing to rebut that presumption here. All right. Thank you, counsel. Thank you. Your honors, unless the court has questions, I'd like to briefly address the intended for human consumption requirement. Judge Berzon, I think that there are situations where this could be very meaningful, as Congress appears to have required or intended when they amended the federal statute. One example would be if something like glue is sold at Home Depot, but the same glue is also sold at, for example, a marijuana dispensary, and it's located next to other controlled substances. Under California law, a state prosecutor could charge both Home Depot and the marijuana dispensary for manufacturing or selling this analog, this controlled substance, because there is no requirement that it be intended for human consumption. Under federal law, though, the federal prosecutors would only be allowed to charge the marijuana dispensary, and they would have to provide evidence. I'm wondering whether this isn't a situation in which you wouldn't need some proof that anybody actually ever did that. I understand there's this rule that says that if it's facial category, you don't need to demonstrate that there was actually such a charge. That rule is a little unclear to me because, and I don't know how it applies here, but I would think that there's nothing in California law that says one way or another, whether there is a human consumption requirement, but one might think it was implicit or that it's sort of commonsensical, and that no prosecutor would actually do it. Two points on that, Your Honor. One, there's no evidence anywhere in case law or the jury instructions that a state prosecutor would ever be required to prove that, whereas in federal court, there are numerous cases addressing prosecutors attempting to prove that. But is there any evidence that any prosecutor ever actually charged for the glue at Home Depot? There isn't, Your Honor, and there wouldn't be because it wouldn't be a defense under California law, and so there's no reason for a defense counsel to raise that issue with a court. Oh, our client didn't have the requisite intent because it's not an element of the California statute. I'm not sure that answer goes to Judge Berzon's question, but we thank both counsel for their arguments. The case just argued is submitted.
judges: BERZON, BENNETT, SUNG